**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| Robert Baker, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:13-cv-71-TWP-DML |
| Nations Recovery Center, Inc., a Georgia corporation, and Jefferson Capital Systems, LLC, a Georgia limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, Robert Baker ("Baker"), individually and on behalf of all others

similarly situated, hereby moves this Court, pursuant to Rule 23 of the Federal Rules

of Civil Procedure, to certify a class in this matter.  In support of this motion, Plaintiff

states:

1.      Plaintiff's Complaint, filed on January 11, 2013, sets forth that the form

debt collection letter, which Defendants, Nations Recovery Center ("NRC"), and

Jefferson Capital Systems ("Jefferson") sent to Plaintiff Baker, violated § 1692g and §

1692e of the Fair Debt Collection Practices Acts, 15 U.S.C. § 1692 et seq. ("FDCPA")

because the initial collection letter failed to state adequately the name of the creditor

to whom the debt was owed, in violation of § 1692g(a)(2) of the FDCPA and falsely

stated the name of the creditor, in violation of § 1692e of the FDCPA.

2.       Specifically, Defendants' January 20, 2012 letter twice states that it is

about:      JEFFERSON CAPITAL FINGERHUT – 921
                RE: FINGERHUT DIRECT MRKTING

The letter then states, "The above creditor has placed your account with this collection service for purpose of payment".  A copy of this collection letter is attached to the Complaint as Exhibit C. (Dkt. 1-3).  Without any explanation of who or what the relationship or difference was between "JEFFERSON CAPITAL FINGERHUT - 921" and "FINGERHUT DIRECT MRKTING", a consumer would be confused as to whom the debt is owed.  Thus, Defendants have failed to state effectively the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2) of the FDCPA.  See, Braatz v. Leading Edge Recovery Solutions, LLC, et al., 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, Inc, et al., 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012). (Dkt. 1 at ¶¶ 9-10, 14-17).

3.	Additionally, by stating that the letter is about "JEFFERSON CAPITAL FINGERHUT - 921", an entity that does not exist, Defendants made materially false statements, in violation of § 1692e of the FDCPA, which prohibits the use of any false, deceptive or misleading means in connection with the collection of a debt.  (Dkt. 1 at ¶¶ 9-11, 18-21).

4.	Class certification is appropriate when all of the elements of Rule 23(a) and one of the elements of Rule 23(b) have been satisfied.  See, Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613-614, 117 S.Ct. 2231, 138 L.Ed.2df 689 (1997); Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998).  Rule 23(a) provides that a class action may be maintained when (1) the class is so numerous that joinder is impracticable, (2) questions of law or fact are common to the class, (3) claims or defenses of the representative party are typical of the claims and defenses of the class, and (4) the representative party will fairly and adequately protect the class'

interests.

     5.      This action satisfies the requirements of Rule 23(a) and (b)(3).  Plaintiff

hereby moves for class certification, and requests that this Court allow him to represent

a class of all persons similarly situated in the State of Indiana from whom Defendants

attempted to collect a delinquent consumer debt allegedly owed originally for a

Fingerhut account, via the same form collection letter (Dkt. 1-3), that Defendants sent to

Plaintiff, from one year before the date of this Complaint to the present.  This action

seeks a finding that Defendants' collection actions violate the FDCPA, and asks that the

Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

     5.      Plaintiff further requests that briefing on this Motion be stayed pending

discovery as to class issues, such as net worth and numerosity.[1]  Plaintiff is filing this

motion now in conformance with the Seventh Circuit's decision in <u>Damasco v. Clearwire</u>

<u>Corporation</u>, 662 F.3d 891 (7th Cir. 2011), in order to avoid a "buy-off" settlement offer,

or Rule 68 Offer of Judgment, to Mr. Baker only, which could potentially wipe out the

Class' claims.  As the Seventh Circuit noted in <u>Damasco</u>:

> A simple solution to the buy-off problem that Damasco identifies is
> available, and it does not require us to forge a new rule that runs afoul of
> Article III: Class-action plaintiffs can move to certify the class at the same
> time that they file their complaint.  The pendency of the motion protects a
> putative class from attempts to buy off named plaintiffs.  [citation omitted].
> . . .  If the parties have yet to fully develop the facts needed for
> certification, then they can also ask the district court to delay its ruling to
> provide time for additional discovery or investigation.  In a variety of other
> contexts, we have allowed plaintiffs to request stays after filing suit in
> order to allow them to complete essential activities.  [citation omitted].

---

1  In FDCPA cases in which exact information regarding class size is not available,
particularly those involving the use of a form debt collection letter, courts have found
numerosity based on "common sense".  <u>See</u>, <u>Peters v. AT&T Corp.</u>, 179 F.R.D. 564,
566-567 (N.D.Ill. 1998) (finding numerosity due to defendant's use of pre-printed
forms in collecting debts).

Damasco, 662 F.3d at 896. When class discovery is completed, Plaintiff will file a

Memorandum in Support of his motion.

WHEREFORE, Plaintiff, Brandi Baker, individually and on behalf of all others

similarly situated, respectfully requests that this Court certify, pursuant to Rule

23(b)(3), a class in this matter and that briefing as to class certification be stayed

pending discovery as to class issues.

Robert Baker, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: January 11, 2012

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

John T. Steinkamp (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, a copy of the foregoing **Plaintiff's Motion For Class Certification** was filed electronically.  Notice of this filing will be sent to the following parties via U.S. Mail, first class postage pre-paid, on January 11, 2013, as well as by having it served along with the Summons and Complaint.

Nations Recovery Center, Inc.
c/o National Registered Agents, Inc., as registered agent
320 North Meridian Street
Indianapolis, Indiana 46204

Jefferson Capital Systems, LLC
c/o Corporation Service Company, as registered agent
251 East Ohio Street
Suite 500
Indianapolis, Indiana 46204

John T. Steinkamp
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
steinkamplaw@yahoo.com

/s/ David J. Philipps

David J. Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com